# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| IN RE: Kyu Choi ) | Case No. |
| ) | |
| Plaintiff ) | COMPLAINT |
| ) | |
| v. ) | July Demand Requested |
| ) | |
| Illinois Collection Service, Inc. ) | **Complaint** |
| 8231 185 Street, Suite 100 ) | |
| Tinley Park, IL 60487-9355 ) | |
| ) | |
| Defendant ) | |

Now comes Plaintiff, by and through his attorneys, and, for his Complaint alleges as follows:

## INTRODUCTION

1. Plaintiff, Kyu Choi, brings this action to secure redress from unlawful collection practices engaged in by Defendant, Illinois Collection Service, Inc... Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

## JURISDICTION AND VENUE

2. This court has jurisdiction pursuant to 28 U.S.C. Section 1331, 1337, 1367; and 15 U.S.C. section 1692(d).

3. Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

6. Plaintiff, Kyu Choi (hereinafter "Plaintiff") incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the "Debt").

7. Plaintiff is a resident of the State of Illinois.

8. Defendant, Illinois Collection Service. ("Defendant"), is a California business entity with an address of 8231 185 Street, Suite 100,

Tinley Park, IL 60487-9355, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. Section 1692a(6).

9. Unless otherwise stated herein, the term "Defendant" shall refer to Illinois Collection Service.
10. At some point, the original creditor, transferred this debt to Defendant for debt collection.

## STANDING

11. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.
12. As detailed below, Defendant has added a new fee to an account without giving Plaintiff a chance to Dispute this debt; specifically, Defendant has failed to advise Plaintiff of his rights under 15 U.S.C. Section 1692g(a).
13. Plaintiff, would have challenged this debt, if he had been given his rights under 15 U.S.C. Section 1692g(a).

## ALLEGATIONS

14. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $115.23 (the "Debt") to an original creditor (the "Creditor").
15. On January 27, 2020, Plaintiff received the initial collection letter for this debt.
16. The amount of the debt was indeed $115.23 and it stated that on said letter with an assigned account number.
17. However, On May 18, 2021, he got a letter from the same Defendant, with the same account number for a higher amount: $362.14. See Exhibit B.
18. Plaintiff is now looking at the same debt, with a higher amount and he was never given an opportunity to dispute this.

19. This other fee of $246.14 on the same account number was not there before in the initial letter and he was given no chance to dispute this, since he was not advised of his rights under 1692g(a).

## JURY DEMAND

20. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

21. Plaintiff demands the following relief:

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant for:

    (1) Statutory damages;

    (2) Attorney fees, litigation expenses and costs of suit; and

    (3) Such other and further relief as the Court deems proper.

Respectfully submitted,
/s/ John Carlin
John P. Carlin #6277222
Suburban Legal Group, LLP
1305 Remington Rd., Ste. C
Schaumburg, IL 60173
jcarlin@suburbanlegalgroup.com
Attorney for Plaintiff